UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------- X
ELENA POMROY                                               :
                                                           :  Civil Action No.: 23-cv-22706(ZNQ)(TJB)
    Plaintiff,                         :
                                                           :
  vs.                                            :
                                                           :  **AMENDED COMPLAINT**
UNITED HEALTHCARE INSRUANCE                                :
COMPANY and ABC CORPORATIONS 1-                            :
10,                                                        :
                                                           :
    Defendants.                        :
                                                           :
---------------------------------------------------------- X

  Plaintiff Elena Pomroy (hereinafter, "Plaintiff"), by and through her attorneys, Lawall & Mitchell, LLC and as and for her Amended Complaint against United Healthcare Insurance Company (hereinafter, "UHC" and "Defendant") and ABC Corporations 1-10, say:

## THE PARTIES

  1. Plaintiff, at all relevant times received insurance benefits through Defendant UHC and was identified as UHC Identification Number 960290058.

  2. Upon information and belief, at all relevant times, Defendant United Healthcare Insurance Company (hereinafter referred to as "UHC") was a corporation whose headquarters are located at 9900 Bren Road, Minnetonka, Minnesota, which conducted and continues to conduct significant business in the State of New Jersey and is licensed to provide insurance within the State of New Jersey.

  3. At all times relevant, upon information and belief, fictitious Defendants ABC Corporations 1 - 10, are yet to be identified entities who directly and proximately caused damages to Plaintiff.

## JURISDICTION

4. Plaintiff received pre-authorized medical services related to post-mastectomy breast reconstruction from Samra Plastic and Reconstructive Surgery ("SPRS") which is located in Monmouth County, New Jersey.

5. Plailntiff received insurance benefits through the Defendant UHC.

6. UHC has represented on numerous occasions that the health benefits plan at issue is an ERISA plan which would give this Court jurisdiction over this dispute.

7. For all the reasons stated above, this Court has jurisdiction over this matter.

## FACTUAL BACKGROUND

8. This dispute arises out of Defendant's refusal to pay proper medical benefits related to breast reconstruction services received by Plaintiff after mastectomy due to a cancer diagnosis.

9. Dr. Fares Samra of SPRS, who performed the medical procedures, was a non-participating or out-of-network provider who rendered medically-necessary surgery to Plaintiff.

10. Plaintiff had a history of breast cancer and had previously undergone bilateral mastectomies with placement of prepectoral tissue expanders. Plaintiff consulted with Dr. Samra for an evaluation and following that evaluation, Dr. Samra recommended proceeding with the extremely complex reconstruction using autologous tissue in the form of bilateral DIEP flaps.

11. On May 18, 2021, Plaintiff presented at Portsmouth Regional Hospital (hereinafter referred to as the "Hospital") where Dr. Fares Samra performed medically necessary services including, but not limited to: bilateral removal of tissue expanders; bilateral DIEP flap breast reconstruction; bilateral capsulectomies of the breasts, and bilateral removal of partial ribs.

12. Dr. Samra is a Board-Certified Plastic Surgeon who is employed and/or contracted by SPRS.

13.    Prior to performing the surgery, and as part of SPRS normal business practice, SPRS contacted the Defendant Cigna to request prior authorization for the surgery. This authorization is also applicable to all physicians, including Dr. Samra, who are employed and/or contracted by SPRS.

14.    Plaintiffs received from the Defendant authorization approving the rendering of surgical services under authorization number A116928042.

15.    Specifically, on March 10, 2021 at 9:43, "Anne C.", as representative of Defendant UHC, confirmed in a phone call that Dr. Samra was authorized to perform CPT codes S2068, 11971, 19371, 21600, 64912, 64913, and 6488.

16.    By issuing the pre-authorization for medical services to its insured, Defendant was obligated to provide coverage pursuant to the Plan terms.

17.    Plaintiff provided **pre-authorized** medically-necessary surgery to the Patient on March 18, 2021, namely: bilateral removal of tissue expanders; bilateral DIEP flap breast reconstruction; bilateral capsulectomies of the breasts, and bilateral removal of partial ribs.

18.    Defendant specifically pre-authorized the approval of CPT codes for this surgery and knew or should have known that these procedures would be billed with certain modifiers in accordance with industry practice and medical literature.

19.    SPRS submitted a bill to Defendant Cigna for the pre-authorized surgeon charges a total of $236,810.00.

20.    The total pre-authorized billed charges of of $236,810.00 for this complex medicall procedure represent the usual and customary charges for the complex procedures performed by a Board-Certified Plastic Surgeon performing such an exceptionally complex procedure.

21.     Pursuant to Defendant's obligations to Plaintiff, and based upon the reasonable billed charges of $236,810.00, Defendant is obligated to the billed charges.

22.     Defendants paid only $20,000.00 toward these reasonable charges, and only on one of the billed procedure codes, leaving Plaintiff with a significant balance due on this bill.

### FIRST COUNT
### (FAILURE TO MAKE ALL PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B))

23.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in paragraphs "1" through "22" of this Complaint with the same force and effect as if fully set forth herein at length.

24.     Plaintiffs aver this Count to the extent ERISA governs this dispute.

25.     Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a Plan.

26.     Plaintiff has standing to seek such relief as a beneficiary under the ERISA Plan.

27.     Upon information and belief, Defendants acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

28.     Plaintiff is entitled to recover benefits due under any applicable ERISA Plan and Policy.

29.     Upon information and belief, Defendants have failed to make payment pursuant to the controlling Plan or Policy.

30.     Plaintiff also alleges that Defendants' decision to so little ($20,000.00 on code S2608 and nothing towards the other codes) to SPRS was wrongful.

31.     Plaintiff also alleges that Defendants' failed to provide an adequate network of medical specialists, failed to pay under the plan in accordance with the shared savings program as

represented in the plan and insurance documentation and failed to comply with applicable Federal and State law requiring coverage for breast reconstruction. Plaintiff further alleges that Defendants denial of payment on the CPT codes violates the Women's Health and Cancer Rights Act of 1998 ("WHCRA") and applicable State law.

32. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of his medical practice.

33. As a direct result of Defendants' failure to make all payments pursuant to Plaintiff's helath benefits plan under 29 U.S.C. § 1132(a)(1)(B) and WHCRA, Plaintiff has been damaged in amount to be determined at trial, but not less than $216,810.00, plus interest, costs, and attorneys' fees.

**SECOND COUNT**
**(BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a))**

34. Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in paragraphs "1" through "33" of this Complaint with the same force and effect as if fully set forth herein at length.

35. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

36. Plaintiff seeks redress for Defendants' breaches of fiduciary duty and/or breaches of co-fiduciary duty under 29 U.S.C. § 1132(a)(3)(B), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a).

37. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

38. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1).

39. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

40. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care"] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

41. Here, when Defendants decided to pay nothing towards the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among

other reasons, Defendants acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

42. Here, Defendants breached its fiduciary duties by:

   a. Failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations;

   b. Participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach, including, without limitation, (i) authorizing in writing certain CPT codes in advance of the service and then denying payment for those services, (ii) failing to provide coverage as required under the WHCRA and its plan documents, (iii) failing to disclose in the plan documents that determinations by Defendants on what to pay out of network providers created a wide disparity in the amount of 'coverage' to be provided for out-of-network benefits exposing the member to having to pay virtually the entire cost for out-of-network services and that in fact, out-of-network benefits were illusory, and (iv) violating its own internal documents and records in the administration of these claims;

   c. Failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and

   d. Wrongfully withholding money belonging to Plaintiff.

43. As a direct result of Defendants' breach of fiduciary duty and co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a), Plaintiff has been damaged in amount to be determined at trial, but not less than $216,810.00, plus interest, costs, and attorneys' fees.

## THIRD COUNT
### (FAILURE TO PROVIDE A SUMMARY PLAN DESCRIPTION IN ACCORDANCE WITH 29 U.S.C. § 1022 and 29 U.S.C. § 1132(c))

44.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in paragraphs "1" through "43" of this Complaint with the same force and effect as if fully set forth herein at length.

45.     Plaintiffs aver this Count to the extent ERISA governs this dispute.

46.     29 U.S.C.A. §1022 requires a summary plan description to be furnished to participants and beneficiaries.

47.     The summary plan description must include the plan's requirements respecting eligibility for participation and benefits.

48.     Further, the plan "shall be written in a manner calculated to be understood by the average plan participant and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan."

49.     In the case at bar, the employee benefit plan is not written in a manner calculated to be understood by the average plan participant. Specifically, the definition of eligible expense creates a wide disparity in the amount that can be reimbursed for out of network services, fails to disclose that the member will be responsible for payment of virtually the entire cost of services and makes out-of-network coverage illusory.  Further, the representation that the plan offers out-of-network benefits does not meet the reasonable expectations of the member and is a contract of adhesion and unconscionable, expecially for services related to reconstruction of the breast following breast cancer.

50. The Plan has thus failed to comply with the requirements set forth in 29 U.S.C.A. § 1022.

51. Defendants also failed to provide a copy of the Plan documents when initially requested on behalf of the Plaintiff on August 1, 2021.

52. In addition to payment of the billed charges, plus interest, Plaintiff is entitled to a penalty, assessed against Defendant at a rate of $110.00 per day from September 1, 2021 (30 days after request for the plan documents) through January 16, 2024, when the plan documents were finally provided, only after the instant suit was commenced, pursuant to 29 U.S.C. § 1132(c)(1)(B)

53. As a direct result of Defendants' failure to provide a summary plan description in accordance with 29 U.S.C.A. § 1022 and 29 U.S.C. § 1132(c)(1)(B), Plaintiff has been damaged in amount to be determined at trial, but not less than $216,810.00, plus penalties pursuant to 29 U.S.C. § 1132(c)(1)(B), totaling $95,480.00 (868 days at $110/day), interest, costs, and attorneys' fees.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendants:

1. As and for the first cause of action, for failure to make all payments pursuant to the Plan under 29 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to judgment in an amount to be determined at trial, but not less than $216,810.00, along with reasonable attorneys' fees, interest, costs and expenses; and

5. As and for the second cause of action for breach of fiduciary duty and co-fiduciary duty under 29 S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a), Plaintiff is entitled to judgment in an amount to be determined at trial, but not less than $216,810.00, along with reasonable attorneys' fees, interest, costs and expenses; and

6. As and for the third cause of action for failure to a summary plan description in accordance with 29 U.S.C.A. § 1022, and to provide a copy of same, Plaintiff is entitled to judgment in an amount to be determined at trial, but not less than $216,810.00, along with reasonable attorneys' fees, penalties totaling $95,480.00 , interest, costs and expenses; and

7. Along with such other, further, and different relief to plaintiff as this Court deems just, fair, and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all counts.

Dated: March 6, 2025

        LAWALL & MITCHELL, LLC
*Attorneys for Plaintiff*

BY: /s/ *Dara J. Lawall*
        Dara J. Lawall, Esquire
        Aaron A. Mitchell, Esquire
        **LAWALL & MITCHELL, LLC**
        55 Madison Avenue, 4th Floor
        Morristown, New Jersey 07960
        Attorneys for Plaintiff
        (973) 285-3280