Matthew P. Mazzola (NJ Bar ID No.: 253252017)
ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, NY 10017
Tel: 212-451-2900

*Attorneys for Defendant*
*UnitedHealthcare Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------------- x
ELENA POMROY,                                          :
                                                       :   Case No. 1:23-cv-22706-ESK-MJS
                    Plaintiff,                         :
      -against-                                        :
                                                       :
UNITED HEALTHCARE INSURANCE COMPANY                    :
AND ABC CORPORATIONS 1-10,                             :
                                                       :
                    Defendants.                        :
---------------------------------------------------------------------- x

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................II

ARGUMENT............................................................................................................................1

      POINT I    PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF AND/OR FORMER PLAINTIFF FAILED TO SEEK LEAVE TO JOIN A NEW PARTY PURSUANT TO RULE 15, FED. R. CIV. P.........................................................................1

      POINT II    PLAINTIFF MS. POMROY'S ERISA CLAIMS FAIL AS A MATTER OF LAW ........................................................................................................2

           1.    First Count - Failure to make all payments pursuant to member's plan under 29 U.S.C. § 1132(a)(1)(B).......................................................3

           2.    Second Count – Breach of Fiduciary Duty and Co-fiduciary Duty under 29 U.S.C. §1132(a)(3)(B), 29 U.SC §1104(a)(1), and 29 U.S.C. §1105(a) ......................................................................................6

           3.    Third Count – Failure to Provide a Summary Plan Description in accordance with 29 U.S.C. §1022 and 29 U.S.C. §1132(c)................8

CONCLUSION.......................................................................................................................11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Advanced Orthopedics and Sports Medicine Institute on behalf of MS v. Anthem Blue Cross Life and Health Insurance Company*,
  No. 20-cv-13243 (FLW), 2022 WL 13477952 (D.N.J., Oct. 21, 2022) .............................. 8

*Anderson v. Reliance Standard Life Ins. Co.*,
  No. 22-cv-4654 (MAS)(DEA), 2022 WL 17490542 (D.N.J. Dec. 7, 2022) ...................... 9

*Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*,
  No. 17-cv-4600 (FLW)(DEA), 2018 WL 1420496 (D.N.J. Mar. 22, 2018) ..................... 4

*Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Bollinger, Inc.*,
  573 F. App'x 197 (3d Cir. 2014) ........................................................................................ 7

*Hart v. Elec. Arts, Inc.*,
  740 F. Supp. 2d 658 (D.N.J. 2010) .................................................................................. 10

*Ibrahim v. Emrich*,
  No. 24-cv-01780 (GC)(TBD), 2024 WL 4511982 (D.N.J., Oct. 17, 2024) ...................... 3

*Laufenberg v. Ne. Carpenters Pension Fund*,
  No. 17-cv-1200 (MAH), 2019 WL 6975090 (D.N.J. Dec. 19, 2019) ............................... 6

*Montero v. Brickman Grp., Ltd.*,
  No. 12-cv-2535 (MLC), 2012 WL 3757499 (D.N.J. Aug. 28, 2012) .............................. 10

*Redstone v. Aetna, Inc.*,
  No. 21-cv-19434 (JXN)(JBC), 2025 WL 842514, at *12 (D.N.J. Mar. 18, 2025) ............ 4

*Roberts v. City of Newark*,
  No. 23-cv-16144 (MEF)(JBC), 2025 WL 2055263 (D.N.J. July 22, 2025) ............. 7, 8, 9

*Serra v. Berkshire Life Ins. Co. of Am.*,
  No. 07-cv-1798 (AET), 2007 WL 2066384 (D.N.J. July 13, 2007) ................................ 10

*Univ. Spine Ctr. v. Anthem Blue Cross Blue Shield*,
  No. 2:17-cv-9108 (KM)(MAH), 2018 WL 3327930 (D.N.J. July 5, 2018) ...................... 9

**Statutes**

Employee Retirement Income and Security Act of 1974 ............................................... *passim*

**Rules and Regulations**

Fed. R. Civ. P. 12 .................................................................................................................1

Fed. R. Civ. P. 15 ..............................................................................................................1, 2

29 C.F.R. 2560.503-1 .........................................................................................................1

Defendant, UnitedHealthcare Insurance Company s/h/a United Healthcare Insurance Company ("United" and/or "Defendant") respectfully submits this Reply Memorandum of Law in Further Support of its Motion to Dismiss newly joined Plaintiff Elena Pomroy's ("Plaintiff" and/or "Ms. Pomroy") Amended Complaint for (1) failure to substitute/join a new party under Fed. R. Civ. P. 15; and (2) failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### POINT I
### PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF AND/OR FORMER PLAINTIFF FAILED TO SEEK LEAVE TO JOIN A NEW PARTY PURSUANT TO RULE 15, FED. R. CIV. P.

Ms. Pomroy's Amended Complaint must be dismissed because neither she, nor the former Plaintiff, Samra Plastic and Reconstructive Surgery ("Samra" and or "Former Plaintiff"), sought leave to substitute/join a new party into this action as required by Fed. R. Civ. P. 15. That is, the Amended Complaint is not "consistent with the [Court's] opinion" granting Defendant's Motion to Dismiss former Plaintiff Samra's Initial Complaint ("Decision"). (*See* Doc. No. 22). Yet Plaintiff's Opposition fails to address Former Plaintiff's disregard of Rule 15's procedural requirements and attempts to distract from this issue. (*See* Pl. Opp., at p. 4).

Plaintiff does not address the fact that in its Decision, this Court stated that the deficiencies in the document attached to Samra's Complaint (*i.e.*, the assignment/power of attorney) demonstrated that Samra "lack[ed] standing[] to bring claims on [Ms. Pomroy's] behalf," noting, however, that Counts 4 through 7 would be dismissed "without prejudice to [Samra] filing an amended complaint."[1]

---

[1] Counts Four through Seven of the initial Complaint are as follows: Fourth Count – Failure to make all payments pursuant to member's Plan under 29 U.S.C. § 1132(a)(1)(B); Fifth Count – Breach of Fiduciary Duty and Co-fiduciary duty under 29 U.S.C. §1132(a)(3), 29 U.S.C. §1104(a)(1) and 29 U.S.C. §1105(a); Sixth Count – Failure to establish/maintain reasonable claims procedures under 29 C.F.R. 2560.503-1; and Seventh Count – Failure to Establish a Summary Plan Description in accordance with 29 U.S.C. §1022. (Compl., at ¶¶ 43-82).

1

(Decision, Doc. No. 22, at 10; *see also* Order granting Defendant's Motion to Dismiss, Doc. No. 23 ("*Plaintiff* shall have 30 days from the entry of this order to file an amended complaint consistent with the accompanying opinion.") (emphasis added)). Nowhere in the Decision or the Court's Order does the Court state that Former Plaintiff can substitute the newly added Plaintiff, Ms. Pomroy, in this action. Accordingly, in order for Ms. Pomroy to assert claims directly in this action, the appropriate procedural vehicle (and Plaintiff does not dispute this) would be for Samra to seek leave to amend its Complaint pursuant to Rule 15 to substitute a new plaintiff. *See* Fed. R. Civ. P. 15(a)(2).

In her Opposition, Ms. Pomroy contends that proceeding as this Court outlined in its Decision and asserting Samra's claims via a power-of-attorney would somehow delay adjudication as United would "inevitabl[y] challenge" the validity of such power-of-attorney. (Pl. Opp., at 4). Nevertheless, Plaintiff's argument that claims brought by Former Plaintiff subject to a power-of-attorney would have been futile is insufficient to circumvent the requirements of Rule 15 and Plaintiff has conceded as much by failing to point to any provision of the Federal Rules or other legal authority to support her approach.

Additionally, Plaintiff argues that United contends that "Samra is obligated to assert Plaintiff's claims," (Pl. Opp., at 5), which is simply inaccurate. As clearly outlined in its moving papers, (*see* Def. Br., at pp. 10-11), United contends only that Samra is required to comply with Rule 15 given that this Court never granted leave to substitute the Plaintiff. (*See* Doc. Nos. 22, 23).

For these reasons and those outlined in Defendant's moving papers, Samra was required pursuant to Rule 15 to seek leave to amend its Complaint before filing an Amended Complaint to substitute a new plaintiff, and Samra failed to do so. *See* Fed. R. Civ. P. 15(a)(2).

## POINT II
## PLAINTIFF MS. POMROY'S ERISA CLAIMS FAIL AS A MATTER OF LAW

In its opening papers, United argued that, to the extent this Court accepts new Plaintiff Ms. Pomroy's Amended Complaint, it should also be dismissed on the grounds that all of her causes of

action fail to state a claim against Defendant upon which relief can be granted. Plaintiff's Opposition fails to point to any allegations in the Amended Complaint demonstrating that the newly added Plaintiff, Ms. Pomroy, sufficiently states a claim against United upon which relief can be granted. As such, Plaintiff's Amended Complaint must be dismissed in its entirety and with prejudice.

### 1. First Count - Failure to make all payments pursuant to member's plan under 29 U.S.C. § 1132(a)(1)(B)

Plaintiff's ERISA claim for the Defendant's purported failure to make all payments pursuant to the Plan under 29 U.S.C. §1132(a)(1)(B); ERISA §502(a)(1)(b) must be dismissed because Plaintiff fails to identify any Plan term that was purportedly breached. (*See* Def. Br., at pp. 11-15). Throughout this litigation, the allegations from both Plaintiffs have been that because United did not pay the claim at its billed charges, the claim was underpaid. The problem with these allegations is that the Plan unequivocally does not require claims to be paid at the provider's billed charges and thus, Plaintiff has not (because she cannot), sufficiently alleged that United breached the terms of any provision in the ERISA Plan, which is required to state a claim under 29 U.S.C. §1132(a)(1)(B); ERISA §502(a)(1)(b).

In her Opposition, Plaintiff concedes that she did not identify the specific Plan provision that was breached and instead, attempts to blame this deficiency on the Plan document itself. (*See* Pl. Opp., at pp. 7-9). Specifically, Plaintiff argues, for the first time (*i.e.*, it is not alleged in the Complaint), that Plaintiff is unaware of what type of coverage she had under the Plan and thus, cannot indicate the specific Plan provision that was violated. (*See id.*, at pp. 8-9). This argument must be rejected by the Court for several reasons. First, Plaintiff's Amended Complaint does not allege that she was confused as to the specific coverage she had under the Plan and thus, unable to determine whether United breached the terms of the Plan. As such, she cannot amend her Complaint in opposition to United's Motion to Dismiss. *See Ibrahim v. Emrich*, No. 24-cv-01780 (GC)(TBD), 2024 WL 4511982, at *6 (D.N.J., Oct. 17, 2024) (holding that "[I]t is 'axiomatic' that a plaintiff cannot amend its complaint by

3

way of a brief in opposition to a motion to dismiss.") (quoting *Commonw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1998)).

Second, Plaintiff's improper/unplead allegation that she was unaware of the type of coverage she had under the Plan (*i.e.*, the EPO option or CDHP options) is nothing more than a red herring and entirely irrelevant to the issues before the Court. To the extent Plaintiff does not know what coverage she had under the Plan, she cannot assert a claim for the wrongful denial of benefits under ERISA because she cannot identify the specific provision that was breached. *See Redstone v. Aetna, Inc.*, No. 21-cv-19434 (JXN)(JBC), 2025 WL 842514, at *12 (D.N.J. Mar. 18, 2025) (dismissing the plaintiffs' 502(a)(1)(B) claim where the plaintiffs "fail[ed] to identify any specific plan provisions entitling payment of benefits") (collecting cases); *see also Univ. Spine Ctr. v. Cigna Health & Life Ins. Co.*, No. 23-cv-02912 (SDW)(CLW), 2024 WL 1855066, at *3 (D.N.J. Apr. 29, 2024) ("To sufficiently state a § 502(a)(1)(B) claim for relief, a plaintiff must identify a specific provision of the plan from which a court can infer this legally enforceable right."); *Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-cv-4600 (FLW)(DEA), 2018 WL 1420496, at *10 (D.N.J. Mar. 22, 2018) (concluding that "because the [c]omplaint fails to identify any specific provision in the [p]lan from which the Court can infer that [the p]laintiffs were entitled to compensation at the 'usual and customary rate' for out-of-network medical services," the Court dismissed the plaintiffs' 502(a)(1)(B) claim). Furthermore, there is no real dispute that Plaintiff had coverage under one of CDHP Plan Options because she indisputably had out-of-network benefit coverage under the Plan. Specifically, Plaintiff alleges that the medical services at issue were provided by Dr. Fares Samra, who Plaintiff concedes "was a non-participating or out-of-network provider." (Am. Compl., ¶ 9). Plaintiff also alleges that United authorized the services at issue and reimbursed Plaintiff's claim for the services at issue in the amount of $20,000. (Am. Compl., ¶ 22). The CDHP Options are the only coverage options under the Plan that include coverage for services provided by an out-of-network provider. (Fairley

4

Dec., Ex. 1, at E.P. 000013, 14, 15, 76). In fact, pursuant to the EPO Option, coverage for services from out-of-network providers is not available. (*Id.* at E.P. 000013, 14, 15, 81). As such, to the extent Plaintiff had coverage under the EPO Option, her claim must be dismissed because there is no coverage available for out-of-network services and Plaintiff does not allege in the Amended Complaint (or the original Complaint) that she requested, or received, an in-network/gap exception under the Plan.

In regard to the two CDHP Options under the Plan, both options provide the same benefit for out-of-network providers; *i.e.*, 50% of "Eligible Expenses" after the deductible. (*See* Fairley Dec., Ex. 1, at E.P. 000013, 14, 15, 76). Indeed, the Plan explicitly provides that "Eligible Expenses are the amount UnitedHealthcare determines that the Plan will pay for Benefits." (Fairley Dec., at E.P. 000014). The Plan defines "Eligible Expenses" as "an amount negotiated by UnitedHealthcare, a specific amount required by law (when required by law), or an amount UnitedHealthcare has determined is typically accepted by a healthcare provider for the same or similar service." (*Id.*).

Plaintiff ignores the Plan terms referenced above and instead, alleges that the Plan was required to pay Plaintiff's *reasonable billed charges*. (Am. Compl., ¶¶ 20-22). The Plan, however, simply does not provide that the CDHP Options (or for that matter the EPO Option)[2] provide benefits at the provider's "reasonable billed charges." (*See* Am. Compl., ¶¶ 19-22). Apparently acknowledging that her allegations entirely disregard the coinsurance requirement in the Plan (*i.e.*, that she is required to pay 50% for the services provided by an out-of-network provider), Plaintiff improperly attempts to amend her allegation in Opposition to United's Motion to Dismiss arguing, for the first time, that the

---

[2] Under the Plan, "Covered Health Care Expenses . . . will not include amounts in excess of the Eligible Expenses." (Fairley Dec., Ex. 1, at E.P. 000033). Under the EPO Option, for services provided by in-network providers, "inpatient hospital charges are covered at the in-network rate after the annual deductible." (*Id.* at E.P. 000015). The in-network rate for hospital charges under the EPO Option is "85% after deductible," not 85% of a provider's billed charges. (*Id.* at E.P. 000015, 81).

5

Plan requires reimbursement for out-of-network services "equal to 50% of the [billed] charges." (*See* Pl. Opp., pp. 8-9).[3] Again, this language is reflected nowhere in the Plan document itself. While Plaintiff refuses to acknowledge that the Plan only pays for out-of-network services at 50% of *Eligible Expenses*, this Court cannot ignore documentary evidence refuting Plaintiff's baseless allegations. *See Laufenberg v. Ne. Carpenters Pension Fund,* No. 17-cv-1200 (MAH), 2019 WL 6975090, at *2 n. 3 (D.N.J. Dec. 19, 2019) ("To the extent that the plain language of any document cited herein contradicts either party's allegations, the document controls." (quoting *Jeffrey Rapaport M.D., P.A. v. Robin S. Weingast & Assocs., Inc.*, 859 F. Supp. 2d 706, 714 (D.N.J. 2012)).

It is clear that there is no requirement in the Plan that United is required to reimburse claims for out-of-network services at the Plaintiff's "reasonable billed charges" or at "50% of her provider's *billed charges*." Therefore, Plaintiff's allegations are insufficient as a matter of law to state a claim for the wrongful denial/underpayment of benefits pursuant to ERISA §502(a)(1)(B).

### 2. Second Count – Breach of Fiduciary Duty and Co-fiduciary Duty under 29 U.S.C. §1132(a)(3)(B), 29 U.SC §1104(a)(1), and 29 U.S.C. §1105(a)

Additionally, Plaintiff's Second Cause of Action, alleging a breach of fiduciary duty under ERISA §502(a)(3)(B) is admittedly based on her allegation that United wrongfully denied and/or underpaid Plan benefits on her claim. (Am. Compl., ¶¶ 41-43). This cause of action should be dismissed because it is duplicative of her First Cause of Action, alleging a claim for an award of money damages allegedly due under ERISA §502(a)(1)(B), as a result of the Defendant's purported wrongful denial and/or underpayment of benefits on the same benefit claim. (*See* Am. Compl., ¶ 43 (seeking benefits under the Plan in the amount of approximately $216,000, as well as interest, costs and attorneys' fees)). As discussed in Defendant's moving papers, a claim under ERISA §502(a)(3) does not constitute "other appropriate equitable relief" where the relief sought is "clearly legal relief as it is

---

[3] Again, by attempting to amend the allegations in her Opposition, which is unpermitted, Plaintiff concedes that her actual allegations fail to state a claim upon which relief can be granted.

a sum of money, and it is accordingly not available under ERISA §502(a)(3)." (Def. Br., p. 16). Moreover, it is well-settled that a claim for relief pursuant ERISA §502(a)(3) is properly dismissed where, as here, the gravamen of the action is for monetary relief. (*See id.*, pp. 15-17).

In her Opposition, Plaintiff does not even address the fact that the Amended Complaint does not seek equitable relief and makes no attempt to distinguish any of the legal authority cited in Defendant's moving papers to support its argument that Plaintiff's relief is clearly legal relief, not equitable relief, and is not available under ERISA §502(a)(3). *See, e.g.*, *Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Bollinger, Inc.*, 573 F. App'x 197, 200 (3d Cir. 2014). Therefore, Plaintiff waives this issue. *See Roberts v. City of Newark*, No. 23-cv-16144 (MEF)(JBC), 2025 WL 2055263, at *3 n. 8 (D.N.J. July 22, 2025) ("The filing of a brief in opposition to a motion to dismiss that fails to respond to a substantive argument is a waiver or abandonment of that claim." (quoting *Lynch v. Tasty Baking Co.*, 2024 WL 2848295, at *2 (E.D. Pa. June 5, 2024))).

Instead of addressing Defendant's arguments, Plaintiff simply reasserts the various ways Defendant purportedly breached its fiduciary duties owed to Plaintiff. (*See* Pl. Opp., pp. 9-10). Plaintiff also seeks to muddy the waters again by focusing on whether she is enrolled in the EPO Option, (*see id.*, p. 10), which is entirely irrelevant to whether Plaintiff has sufficiently plead her breach of fiduciary duty claim. Even if the Court were to determine that United "breached its fiduciary duties to Plaintiff" in any of the ways alleged by Plaintiff (*e.g.*, violating rights under WHCRA and the Plan), Plaintiff does not dispute (because she cannot) the fact that she seeks only legal relief (*i.e.*, a sum of money) and not equitable relief as required under 29 U.S.C. §1132(a)(3), 29 U.S.C. §1104(a)(1) and 29 U.S.C. §1105(a), which is fatal to her breach of fiduciary duty claim. As such, Plaintiff's second cause of action for breach of fiduciary duty must necessarily fail as a matter of law.

Moreover, Plaintiff also ignores Defendant's argument in its moving papers that any claims brought under 29 U.S.C. §1104, ERISA §404 or 29 U.S.C. §1105, ERISA §405 must also be dismissed

7

because those sections of ERISA do not include a private right of action. *See e.g., Advanced Orthopedics and Sports Medicine Institute on behalf of MS v. Anthem Blue Cross Life and Health Insurance Company*, No. 20-cv-13243 (FLW), 2022 WL 13477952, at *12 (D.N.J., Oct. 21, 2022) (citing *Miller v. American Airlines, Inc.*, 632 F.3d 837, 850-851 (3rd Cir. 2011)). As such, Plaintiff also waives this issue. *See Roberts*, No. 23-cv-16144 (MEF)(JBC), 2025 WL 2055263 at *3 n. 8. As discussed above, the civil enforcement mechanism for ERISA claims is available under ERISA §502 and claims for breach of fiduciary duty (*i.e.*, violations of ERISA §§404 and 405) may only be brought pursuant to ERISA §502(a)(3). However, as mentioned above, because Plaintiff does not seek other available *equitable relief*, she has not asserted a claim under ERISA §502(a)(3).

For the reasons stated in Defendant's moving brief as well as in this instant reply brief, Plaintiff's Second Cause of Action must be dismissed in its entirety.

### 3.   Third Count – Failure to Provide a Summary Plan Description in accordance with 29 U.S.C. §1022 and 29 U.S.C. §1132(c)

Finally, as explained in Defendant's moving papers, (*see* Def. Br., at pp. 17-19), Plaintiff's Third Count against United seeking penalties and damages under ERISA §102, 29 U.S.C. §1022 and ERISA §502(c), 29 U.S.C. 1132(c)(1)(B) for its purported failure to furnish an appropriate summary plan description must also be dismissed because: (1) there is no private right of action under ERISA §102(a), 29 U.S.C. §1022(a); (2) ERISA§102(a), 29 U.S.C. §1022(a) only applies to "administrators" under ERISA, and United is not an "administrator"; and (3) Plaintiff's claim is not redressable under ERISA §502(c).

As an initial matter, Plaintiff entirely fails to address two of Defendant's arguments related to Plaintiff's third cause of action that should each independently result in the dismissal of this cause of action, namely that (1) 29 U.S.C. §1132 contains ERISA's exclusive civil enforcement mechanism and thus, Plaintiff's cannot seek any relief directly under ERISA §102(a), 29 U.S.C.§1022(a); and (2) to the extent Plaintiff alleges a claim under ERISA §502(c) for United's purported violation of

8

ERISA §102(a), 29 U.S.C. §1022(a), that claim is not redressable under ERISA §502(c). (*See* Def. Br., at pp. 17-18). Accordingly, Plaintiff waives these issues, and her third cause of action must be dismissed on these grounds alone. *See Roberts*, No. 23-cv-16144 (MEF)(JBC), 2025 WL 2055263 at *3 n. 8.

As discussed in United's opening papers, Section 502(c)(1) of ERISA permits the imposition of statutory penalties against an "administrator" in the event that it "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary." 29 U.S.C. §1132(c)(1). Section 3(16)(A) of ERISA defines an "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated . . . ." 29 U.S.C. §1002(16)(A)(i) (emphasis added). Because it is undisputed that Untied is not specifically designated as the Plan Administrator under the terms of the Plan, United cannot be held liable for statutory penalties under ERISA §502(c)(1) as a matter of law. *See Univ. Spine Ctr. v. Anthem Blue Cross Blue Shield*, No. 2:17-cv-9108 (KM)(MAH), 2018 WL 3327930, at *6 (D.N.J. July 5, 2018) (explaining that the defendant was not an "administrator" within the meaning of ERISA where the plaintiff alleged that the defendant was the claims administrator, but not the plan administrator).

In her Opposition, Plaintiff admits that United is a "Claims Administrator" for the Plan, not the Plan Administrator. (Pl. Opp. at p. 12). Notwithstanding this admission, Plaintiff argues only that 29 U.S.C. 1132(c) applies to *any* administrator, not just plan administrators and asserts that "Congress did not limit liability to 'Plan' administrators[] [i]nstead, broadening liability to any Administrator." (*Id.* at p. 11). However, Plaintiff fails to cite any legal authority to support this specious contention, and Plaintiff does dispute, or even address, the substantial legal authority United relied on its Motion, holding that United is not the "administrator" as defined under ERISA and thus, cannot be liable for Plaintiff's claim for penalties under ERISA §502(c)(1)(B). *See Anderson v. Reliance Standard Life Ins. Co.*,

9

No. 22-cv-4654 (MAS)(DEA), 2022 WL 17490542, at *5 n.4 (D.N.J. Dec. 7, 2022) (finding that plaintiffs' allegations were insufficient to support a claim under §1022 where the defendants were not the *plan* administrator, even where the plaintiffs' alleged that the defendants gave "an excellent impression" of being the *plan* administrator); *see also* Def. Br. at pp. 18-19.

Furthermore, in what appears to be one last effort to salvage her third cause of action, Plaintiff includes allegations unsupported by any declaration or certification that the Plan's designated Plan Administrator, the "Chief Talent and Enterprise Services Officer for Liberty Mutual Insurance Group, Inc.," "no longer appears to" be a position at Liberty Mutual Insurance Group, Inc. (Pl. Opp., at p. 13). Again, the Court should disregard these new allegations because they are not included in the Amended Complaint. *See, e.g., Hart v. Elec. Arts, Inc.*, 740 F. Supp. 2d 658, 663 (D.N.J. 2010) ("[A] party may not amend his pleadings by making factual assertions in a brief."). Furthermore, Plaintiff does not submit any evidence supporting these baseless conclusions and thus, they should not even be considered. *See Montero v. Brickman Grp., Ltd.,* No. 12-cv-2535 (MLC), 2012 WL 3757499, at *1 (D.N.J. Aug. 28, 2012) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (quoting *Serra v. Berkshire Life Ins. Co. of Am.*, No. 07-cv-1798 (AET), 2007 WL 2066384, at *2 (D.N.J. July 13, 2007))).

Based on Plaintiff's unsupported conclusions regarding the status of the Plan Administrator, she argues that United is the "de facto Plan Administrator given that the 'Chief Talent and Enterprise Services Officer for Liberty Mutual Insurance Group, Inc.' no longer exists and that [United] is the Claims Administrator responsible for processing authorizations, claims, and appeals, which are the typical scenarios wherein an employee would need to request the Plan documents." (Pl. Opp., at p. 13). Regardless of whether the specific role at issue still exists at Liberty Mutual (which Plaintiff has neither alleged in the Amended Complaint or demonstrated by any evidence) does not change the Plan language that identifies United as the Claim Administrator, not the Plan Administrator. (Fairley

10

Dec., Ex. 1 at E.P. 000070). There is no provision in ERISA §102, 29 U.S.C. §1022 and ERISA §502(c), 29 U.S.C. 1132(c)(1)(B) or other legal authority (and Plaintiff cites to none) that would support transferring liability from the Plan Administrator to United if, in fact, the specific role at Liberty Mutual as identified in the Plan no longer exists.

Accordingly, the Third Count must be dismissed as against Defendant.

## CONCLUSION

For any and all of the foregoing reasons, and those outlined in Defendant's moving papers, Defendant respectfully requests that this Court grant its Motion to Dismiss the Amended Complaint in its entirety, and with prejudice.

Dated:   New York, New York
         September 2, 2025

Respectfully Submitted,

/s/ *Matthew P. Mazzola*
Matthew P. Mazzola
(NJ Bar ID No.: 253252017)
ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, New York 10017

*Attorneys for Defendant United HealthCare Insurance Company*

11